# CHARLESTON.

FIRST NATIONAL BANK OF JEFFERSON &c., v. HARRIS, TRUS-
TÉE, *et al.*

Submitted June 4, 1904—Decided November 29, 1904.

1. HUSBAND AND WIFE.—*What suffcient proof of indebtedness.*

    The claim of a married woman against her husband, unless
impeached for fraud is subject to the same rules of proof as
any other debt against him, and she is not bound to show af-
firmatively in absence of any allegation to the contrary that
such debt is free from fraud.  (p 346).

2. EXCEPTION TO COMMISSIONER'S REPORT—*Effect of Same.*

    An exception to a commissioner's report on the grounds that
the evidence of an insolvent husband is insufficient to sustain
his wife's claim against his estate in the absence of any allega-
tion impeaching such claim for fraud, is an exception to the
competency of the husband as a witness in behalf of his wife,
and should be overruled.  Section 22, chapter 130, Code.  (pp.
346, 347).

Appeal from Circuit Court, Jefferson County.

Bill by the First National Bank of Jefferson against George
Harris and others.  Decree for defendants, and plaintiff appeals.

*Affirmed.*

JOSEPH TRAPNELL and T. C. GREENE, for appellant.

B. D. GIBSON, for appellees.

DENT, JUDGE:

Appeal of the First National Bank of Jefferson, &c., from a
decree of the circuit court of Jefferson county in favor of Mary
E. Davis.  The First National Bank of Jefferson filed its
bill in the circuit court of Jefferson county attacking a deed
of trust executed by Albert F. Davis, insolvent, conveying all
his property in trust, to secure his wife Mary E. Davis, to the
amount of $3,500.00, evidenced by notes, as giving an unlawful
preference to the various preferred creditors named, and praying
that such trust be held for the benefit of all the creditors of the
grantor, and that the proceeds thereof be *pro rated* among all
the creditors of the grantor.  No answers were filed, the bill

was taken for confessed and the court referred the case to a commissioner to ascertain and report the indebtedness of the insolvent, and the property liable to the payment of the same. On the filing of the report, the following exception was endorsed thereon: "The auditing of the claim or debt in favor of Mary E. Davis in class No. 2 of this report, for $3,500.00 and $931.00 interest, is excepted to, because said claim is not sustained by the evidence, and said claim is excepted to and claim should not be allowed, as the testimony of a husband in behalf of claim of his wife against the husband an insolvent. B. D. Gibson, T. C. Green, attorneys for creditor." On the hearing of such exception, the following decree was entered: "The court not now passing upon the said exception, but being of the opinion that an opportunity should be afforded the said creditor, Mary E. Davis, to submit further testimony in support of her claim, if any she have, doth adjudge, order and decree that this cause be recommitted to Com'r Cleon Moore, with instructions to enquire further into said matters of the demand of Mary E. Davis and to certify such evidence as may be produced before him, and make report to the next term of the court."

Further depositions were taken and on final hearing the court overruled the exception and allowed the claim of Mary E. Davis as a just debt, entitled to participation under the deed of trust.

The appellants here insist that the court erred in allowing further time to Mary E. Davis to sustain her claim by proof. The bill does not attack the claim of Mrs. Davis as in anywise fraudulent, nor in any manner invalid, nor is there any petition or other pleading in the cause doing so. Hence the commissioner had the right to report the debt as admitted, without other proof than the note and the deed of trust, which in the absence of all allegations to the contrary are certainly sufficient to establish the justness thereof. The first time and the only manner in which the claim of Mrs. Davis is attacked is by the exception to the commissioner's report, and after such attack was made, if necessary Mrs. Davis was entitled to have an opportunity to meet and repel it, and if not necessary the exceptors have no grounds of complaint.

The exception, however, does not attack Mrs. Davis' claim as fraudulent as to creditors, but only asserts that the claim should not be allowed on the testimony of her insolvent husband. If

the claim had in any proper proceeding been impeached for fraud, such exception might have weight. A husband by statute is made a competent witness in behalf of his wife. Section 22, chapter 130, Code. And in the absence of any allegations of fraud his admissions on oath are sufficient to establish the justice of her claim against his property. A husband may confess a judgment in favor of his wife which will be valid to bind his estate, unless successfully impeached for fraud. *Bennett* v. *Bennett,* 37 W. Va. 396. The appellants were both plaintiffs in this suit, one by bill and the other by petition, and neither in the bill or petition is Mrs. Davis' claim attempted to be impeached as fraudulent, and hence both bill and petition must be taken to admit the validity of the same. It is a well established rule that fraud must be alleged, and in the absence of such allegation, the court will not examine the evidence to ascertain whether it discloses a fraudulent transaction as is said by Judge BRANNON in the case of *Bank* v. *Atkinson,* 31 W. Va. 209. "The rule of pleading is that the *alegata et probata* must both exist and correspond and the *probata* can perform no function unless preceded by *allegata.* Matters not charged in the bill or averred in the answer cannot be considered on the hearing. *Hunter's Executor* v. *Hunter,* 10 W. Va. 321.

The exception filed is in no sense sufficient to raise the invalidity of Mrs. Davis' claim but only goes to the weight or measure of the evidence necessary to sustain such claim in the absence of any allegations impeaching the same. For this purpose the evidence is amply sufficient, and the exception was properly overruled.

In each of the cases relied upon by appellants, there was direct impeachment of the wife's claim as being fraudulent as to the husband's creditors. *Miller* v. *Cox,* 38 W. Va. 747; *Bank* v. *Atkinson,* 32 W. Va. 203; *Zinn* v. *Law,* 32 W. Va. 447.

Unless the wife's claim is impeached as fraudulent, she is not bound to prove affirmatively freedom from fraud. Until such impeachment is made, she stands on the same footing as any other creditor, and the debtors' note, admission or testimony is sufficient to establish a debt in her favor.

For these reasons the decree is affirmed.

*Affirmed.*